329 S.E.2d 890

**Robert HALL**

v.

**Phyllis J. RUTLEDGE,
Clerk, etc., et al.**

No. 16419.

Supreme Court of Appeals of
West Virginia.

April 18, 1985.

John McFerrin, Charleston, for appellant.

PER CURIAM:

The claimant, Robert Hall, appeals from a final order of the Circuit Court of Kanawha County upholding a decision by the West Virginia Department of Employment Security Board of Review (hereinafter Board) finding him to be disqualified from receiving unemployment compensation benefits on the ground that he quit work voluntarily without good cause involving fault on the part of the employer.[1] The claimant contends here, as he did before the circuit court, that the question for decision is whether he refused to accept suitable work not whether he voluntarily quit work. We agree, and we reverse and remand.

The claimant was employed as an underground coal miner at the Armco Material Resources' Harewood mine from February,

---

1. This appeal is before the Court on a writ of certiorari to the Circuit Court of Kanawha County granted on July 12, 1984, pursuant to W.Va.Code, 21A–7–27.

1981, until May 14, 1982, when he was laid off. He applied for unemployment compensation benefits, his claim was approved, and he began receiving benefits.

On Friday, June 25, 1982, under circumstances not revealed by the record, the claimant reported to work at the Beckley Lick Run Company (hereinafter Beckley Lick) and was taken on an orientation tour of the coal mine where he would be working. He had worked two years in the mines as a fire boss, a job that involved testing the ambient air for methane gas concentrations. During the tour, he observed what he believed were safety violations relating to a failure to adhere to the ventilation plan for the mine and a failure to keep the haulways properly clear of combustible materials. Based upon these observations and conversations with employees at the mine, he concluded that the mine was unsafe. He testified that he believed his "life would be in danger" by going down into the mine. Consequently, he telephoned a company official on Monday, June 28, and advised him that he would not work at the mine. He was paid for working one day though he performed no services for the employer.

When the claimant returned to work at Beckley Lick, his unemployment benefits were terminated. He filed another application for benefits naming Beckley Lick as the chargeable employer. His claim was successively denied on the basis that he voluntarily quit his employment with Beckley Lick without good cause involving fault on the part of the employer. *See* W.Va. Code, 21A–6–3(1).

After appealing to the Board but before the hearing, the claimant secured counsel who by letter dated February 2, 1983, requested an opportunity to present additional evidence bearing on safety conditions at the mine around the time the claimant re-

fused to accept employment. His letter[2] contained a summary of the safety violations at the mine as reported by the West Virginia Department of Mines and the Federal Mine Health and Safety Administration.

At the hearing before the Board, counsel represents that two matters were considered.[3] The first was whether Beckley Lick could bear any responsibility for unemployment benefits in light of the claimant's brief period of employment with that company. The Board announced that it intended to rule that Beckley Lick was not a chargeable party as the claimant had not worked for them for at least thirty days as required by W.Va.Code, 21A–5–7(2),[4] and that the claimant was eligible to receive benefits chargeable to Armco Material Resources' account. The Board indicated that the dispositive issue was whether the claimant should be disqualified for failure without good cause to accept suitable employment, and stated that the claimant should prevail on that issue. *See* W.Va.Code, 21A–6–3(3); W.Va.Code, 21A–6–5. Consequently, the Board found it unnecessary to rule on the claimant's motion for consideration of additional evidence. The Board, however, never addressed the suitability issue in its written decision and simply affirmed the administrative law judge's adverse decision finding that he voluntarily quit. The Board also did not rule on the claimant's motion to consider additional evidence.

Claimant's counsel, pointing out that the claimant was still on involuntary lay-off status from Armco Material Resources, argued on appeal to the circuit court that the Board did not address the proper issue, namely, whether the claimant was disqualified from receiving unemployment benefits because of his refusal without good cause

---

**2.** Counsel's letter to the Board is attached to his appellate brief filed with this Court on January 8, 1985. The letter was not included in the administrative record and was not in the record as certified to the Circuit Court of Kanawha County. *See* W.Va.Code, 21A–7–26.

**3.** No transcript of the Board's proceedings was submitted to this Court.

**4.** W.Va.Code, 21A–5–7(2), as material here, provides that benefits paid to an eligible individual "shall be charged to the account of the last employer with whom he has been employed as much as thirty working days." The claimant only worked for Beckley Lick one day, hence the only possible chargeable employer is Armco Material Resources.

to accept suitable employment with Beckley Lick. Furthermore, he contended that the Board's rulings implicitly rejecting his additional evidence of unsafe conditions, but without so ruling on the record, effectively denied him any opportunity to prove his case. The circuit court, however, failed to address the claimant's motion to submit additional evidence and in a two-page order affirmed the Board's decision. The circuit court also failed to address the question of whether the claimant was disqualified for failure to accept suitable work.

■ On the record before us, it is beyond question that the legal issue for resolution below was whether the claimant without good cause refused to accept suitable work within the meaning of W.Va.Code, 21A–6–3(3), and W.Va.Code, 21A–6–5. This was not a "quit" case. Any realistic view of the facts compels the conclusion that the claimant never accepted employment with Beckley Lick. He performed no services for the employer and refused to work following a one-day orientation tour.

The traditional rule that we have applied in unemployment compensation cases is summarized in Syllabus Point 6 of *Davis v. Hix,* 140 W.Va. 398, 84 S.E.2d 404 (1954):

> "Unemployment compensation statutes, being remedial in nature, should be liberally construed to achieve the benign purposes intended to the full extent thereof."

■ We recently discussed at some length West Virginia's suitability-for-work provision in *Perfin v. Cole,* 174 W.Va. 417, 327 S.E.2d 396 (1985), and held in Syllabus Point 3, as follows:

"Under West Virginia Code § 21A–6–5 (1981 Replacement Vol.), the factors which must be considered in determining whether particular employment is suitable for a particular unemployment compensation claimant are (1) the degree of risk to health, safety, and morals; (2) fitness and prior training; (3) experience and prior earnings; (4) length of unemployment; (5) prospect of securing local work in the claimant's customary occupation; and, (6) distance from the claimant's residence."

■ The Board also committed an error of law in refusing to rule on the claimant's motion to consider additional evidence. The Board has the authority under its own rules and regulations to consider additional evidence not presented to the administrative law judge or to remand the case for the taking of additional evidence.[5] This error also infected the ruling of the circuit court.

We are, therefore, of the opinion to remand the case for further proceedings. Accordingly, the judgment of the Circuit Court of Kanawha County and the decision of the Board of Review of the West Virginia Department of Employment Security are reversed, and the case is remanded to the Board for further proceedings consistent with this opinion.

Reversed and Remanded.

---

5. W.Va. Department of Employment Security, Board of Review Regulation No. 3.03 (1969) provides, in relevant part, as follows:

*"Procedure on Hearing of Appeals —*

(a) Appeals to the Board may be heard upon the evidence in the record made before the appeal tribunal, or the Board may, if in its discretion additional evidence is necessary to enable it to determine the appeal, direct the taking of additional evidence before it, or remand the case to an appeal tribunal for the taking of further evidence.

\*    \*    \*

(c) If the Board directs the taking of additional evidence, the parties shall be notified of the time and place that such evidence will be taken and any party may present such evidence as may be taken.

(d) The Board of Review may, in its discretion, grant such adjournments or continuances as it deems necessary for a fair hearing and full development of the case."